## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN C. THOMPSON,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0977** (BOR Appeal No. 2046829)
              (Claim No. 2007213471)

**PECHINEY ROLLED PRODUCTS, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John C. Thompson, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pechiney Rolled Products, LLC, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 2, 2012, in which the Board affirmed a January 10, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 25, 2010, decision denying the request to add impingement syndrome of the shoulder, articular cartilage disorder of the shoulder, and carpal tunnel syndrome as compensable conditions of the claim. The Office of Judges also affirmed the claims administrator's September 17, 2010, decision denying authorization for right shoulder surgery. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Thompson worked as a metal worker for Pechiney Rolled Products, LLC. On November 13, 2006, Mr. Thompson filed an application for workers' compensation benefits alleging that he injured his right shoulder and elbow from the repetitive motion of operating levers on a piece of equipment at work. After a course of litigation, the Office of Judges held the

1

claim compensable for right shoulder tendinopathy but specifically refused to hold the claim compensable for a bone spur in the shoulder. Soon after Mr. Thompson filed for benefits, an MRI was taken of his right shoulder, which revealed mild impingement due to degenerative changes along with tendinopathy. Mr. Thompson then came under the care of Troy E. Skidmore, D.O., who diagnosed him with impingement syndrome, articular cartilage disorder, and carpal tunnel syndrome. Dr. Skidmore requested the addition of these conditions as compensable components of the claim. Dr. Skidmore also requested authorization for a right shoulder arthroscopic surgery and a subacromial decompression with a partial acromioplasty. On September 17, 2010, the claims administrator denied Dr. Skidmore's request for right shoulder surgery. Then, on October 25, 2010, the claims administrator denied Dr. Skidmore's request to add impingement syndrome, articular cartilage disorder, and carpal tunnel syndrome as compensable conditions of the claim. Mr. Thompson then testified by deposition. He admitted that he did recreational weightlifting. Mr. Thompson also admitted that his job no longer required repetitive upper extremity movements and had not for over two years prior to being diagnosed with carpal tunnel syndrome. On January 10, 2012, the Office of Judges affirmed both claims administrator decisions. The Board of Review affirmed the Order of the Office of Judges on August 2, 2012, leading Mr. Thompson to appeal.

The Office of Judges concluded that the evidence did not establish that Mr. Thompson developed impingement syndrome, articular cartilage disorder, and carpal tunnel syndrome as a result of his repetitive motion injury. The Office of Judges found that the only compensable condition of the claim was right shoulder tendinopathy. The Office of Judges considered the opinion of Dr. Skidmore but found that his request was not justified by the medical documentation in the record. The Office of Judges found that Dr. Skidmore did not make an objective finding of carpal tunnel syndrome. The Office of Judges also found that Mr. Thompson was not subjected to repetitive upper extremity movements for over two years prior to being diagnosed with carpal tunnel syndrome. With regard to Dr. Skidmore's request to add impingement syndrome and articular cartilage disorder to the claim, the Office of Judges found that Mr. Thompson had been diagnosed with shoulder pain and impingement syndrome prior to the date of the compensable injury. The Office of Judges found that Mr. Thompson had developed right shoulder pain as far back as 2000 and attributed it to Mr. Thompson's recreational weightlifting and degenerative changes.

The Office of Judges also concluded that the evidence did not establish the medical necessity or reasonableness of Mr. Thompson receiving right shoulder surgery. The Office of Judges found that the requested surgery was directly related to Mr. Thompson's pre-existing bone spur and not the compensable condition of right shoulder tendinopathy. The Office of Judges found that Mr. Thompson had previously been denied coverage for his bone spur and that it was not part of the claim. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Thompson has not established that the additional requested conditions are causally related to his compensable injury. He has not sufficiently demonstrated that he developed carpal tunnel syndrome in the course of and resulting from his employment. Although Mr. Thompson

2

alleged that his job required repetitive upper extremity movements, his testimony showed that his job did not require the kind of high repetitive manual movements which would place him at risk to develop carpal tunnel syndrome. West Virginia Code of State Rules § 85-20-41.5 (2006). Dr. Skidmore's treatment notes and Mr. Thompson's testimony do not demonstrate a sufficient causal link between his carpal tunnel syndrome and his work conditions. Mr. Thompson has also not demonstrated that he developed impingement syndrome or articular cartilage syndrome in the course of and resulting from his employment. The medical evidence in the record shows that Mr. Thompson began developing shoulder pain as far back as 2000 as a result of recreational weightlifting. The record included a diagnosis of right shoulder impingement prior to the date of the compensable injury. Mr. Thompson has not presented enough evidence to show a causal link between these conditions and his work in light of his prior history of shoulder problems. Finally, Mr. Thompson has not demonstrated that the requested shoulder surgery is medically related and reasonably required to treat his compensable injury. The only compensable condition of the claim is repetitive motion tendinopathy. The medical evidence in the record does not relate the requested surgery to this condition. Instead, the medical record shows that the surgery is related to Mr. Thompson's pre-existing bone spur, his pre-existing impingement syndrome, and pre-existing degenerative changes.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II